**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  TOM J. WILCOX,

Petitioner.

No. 97-6434
(W.D. Oklahoma)
(D.C. No. Misc. #7)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

This action began as a show cause proceeding before the United States District Court for the Western District of Oklahoma, which resulted in an order disbarring Tom J. Wilcox from practice in the district court pursuant to Local

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rule 83.6.[1] Wilcox appeals the disbarment order, contending that he was denied procedural due process during his state disciplinary proceeding, and that the Oklahoma Supreme Court improperly considered tainted evidence when it suspended him for one year from the practice of law in Oklahoma. Thus, he argues the district court erred by basing its own disbarment order upon the constitutionally defective state proceedings. We affirm.

The factual background, together with Wilcox's arguments, is fully set forth in the district court's order, Appellant's Br., Ex. 1, and in the opinion of the Oklahoma Supreme Court. State ex rel. Oklahoma Bar Ass'n v. Wilcox, 942 P.2d 205 (Okla. 1997).

In addition to, and independently from, the district court's show cause proceeding and order which Wilcox now appeals, this court previously issued its own order to show cause why Wilcox should not be suspended from practice before this court, based on the Oklahoma Supreme Court order. Appellant's App., Tab A. In response, Wilcox filed a brief which raised the identical arguments that he raised in the district court and again in this appeal. After considering his response, on December 8, 1997, this court filed an order which "suspended [Wilcox] from practice before this court for one year," and which

---

[1]Although Wilcox purports to name the individual district court judges as defendants in this appeal, aside from protesting their ruling, he makes no independent claims against any of the judges.

further provided that "[r]eadmission to active practice is conditioned on readmission by the Oklahoma State Bar." Id., Tab L. Thus, we have already fully considered the arguments that Wilcox now makes on appeal, and have found them meritless.[2]

Accordingly, we AFFIRM the order of the district court.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]As Wilcox notes, our previous order did not state the basis for our decision. However, in light of the thorough and thoughtful analysis set forth in the district court's order, any further explication at this time would be redundant.